RONALD L. and JEANINE M. PHARES, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Phares v. Commissioner
Docket No. 3269-76
United States Tax Court
T.C. Memo 1977-59; 1977 Tax Ct. Memo LEXIS 380; 36 T.C.M. (CCH) 262; T.C.M. (RIA) 770059; March 10, 1977, Filed *380 Marvin J. Garbis and Kenneth A. Reich, for the petitioners. Thomas C. Morrison, for the respondent. IRWIN
MEMORANDUM OPINION IRWIN, Judge: Respondent determined deficiencies in petitioners' income tax for the calendar years 1971 and 1972 as follows: Addition to Tax Year
Deficiency
Sec. 6653(b) [1]
1971
$ 3,873
$2,555
1972
16,701
8,351
This case was submitted for decision without trial pursuant to Rule 122(a), Tax Court Rules of Practice and Procedure. There are no issues remaining to be decided. All of the facts have been stipulated. The stipulation of facts with the exhibits attached thereto are incorporated herein by this reference. Petitioners, Ronald L. and Jeanine M. Phares, husband and wife, resided in Denver, Colo., at the time of filing the petition herein and filed joint income tax returns for each of the years in question. During the calendar years 1971 and 1972, one or both of the petitioners owned, operated, and derived income from a real estate rental referral business known *381 as Homefinders of Arizona. Similarly, in 1972 one or both of the petitioners owned, operated, and derived income from a real estate rental referral business known as Homefinders of Baltimore. Petitioners were on the cash method of accounting during both years. In the notice of deficiency mailed to petitioners on April 8, 1976, respondent made numerous adjustments in petitioners' income, deductions, and exemptions (including a reconstruction of petitioners' income using bank deposits and cash payments less nontaxable receipts and taxable amounts reported on petitioners' returns). Respondent also determined that all or part of the underpayment of tax in each of the years in question was due to fraud. Petitioners agree that they have the burden of proof to show that respondent's determinations in the notice of deficiency, other than the additions to tax for fraud under section 6653(b), are erroneous. While they neither admit nor deny the accuracy of respondent's adjustments, they concede that they have not met their burden of proof with respect to these adjustments and the Court should sustain respondent's determinations accordingly. Petitioners do not admit that they filed *382 fraudulent income tax returns for the years 1971 and 1972. However, they have stipulated for purposes of this case only that a decision shall be entered as if respondent had presented evidence sufficient to satisfy his burden of proof on the issue of fraud for each of the years in question. Accordingly, Decision will be entered for the respondent. Footnotes
1. All statutory references herein are to the Internal Revenue Code of 1954 as in effect for the years in issue.↩